## 34734. GANO v. GANO.

BOWLES, Justice.

Mrs. Gano sued Mr. Gano for a total divorce, child custody, child support and other relief. Mr. Gano answered and counterclaimed seeking a one-half interest in certain properties titled in Mrs. Gano's name. He filed a lis pendens notice as to these properties. Mrs. Gano, by amended complaint, asked that the lis pendens be

canceled of record. At a temporary hearing, the trial court ordered that the lis pendens notice be canceled and Mr. Gano filed a direct appeal to this court.

In the case of *Evans v. JEB, Inc.*, Case No. 34264, decided December 6, 1978, this court unanimously held that an appeal from an order striking a portion of a lis pendens was interlocutory[1] and that an application for interlocutory appeal must be filed and granted or the appeal would be dismissed. That decision controls this case. However, because such an order is interlocutory, its ultimate validity will be determined upon appeal of the final judgment in the case. All purchasers of property covered by the lis pendens take that property subject to the chance that the lis pendens is valid despite a trial judge's erroneously ordering it canceled by interlocutory order. Consequently, there has been no final adjudication of property rights in this case.

*Appeal dismissed. All the Justices concur, except Nichols, C. J., Jordan and Hill, JJ., who dissent.*

ARGUED APRIL 9, 1979 — DECIDED APRIL 24, 1979.

*Donald A. Rolader, James C. Watkins,* for appellant.
*J. Wayne Moulton,* for appellee.

HILL, Justice, dissenting.
I respectfully dissent.
*Evans v. JEB, Inc.,* supra, Case No. 34264 decided December 6, 1978, is not controlling. That was an order, which said (in full): "Order: It appearing that the judgment appealed in this case is interlocutory and that no application has been filed or granted, the appeal must be dismissed. Appeal dismissed. All the Justices concur." In that case there was no appealable order, whereas there is an appealable order here.

---

[1] This holding is a court order and not a formal opinion. For that reason it does not appear in the official published reports, but is reflected by the record in that case in the clerk's office.

The order directing that the lis pendens notice be canceled was part of an order granting temporary alimony. The order granting temporary alimony was appealable under Code Ann. § 6-701 (a) 3. Code Ann. § 6-701 (b) provides that where an appeal is taken under any provision of paragraph (a), above, all rulings or orders rendered in the case which are raised on appeal and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such ruling or order standing alone.

The majority has decided that where no enumeration of error is made to the order appealable under § 6-701 (a) (e.g., temporary alimony), the court will not review an order which would have been reviewed under § 6-701 (b). Appellant could have avoided this dismissal simply by urging a spurious enumeration of error that the temporary alimony award was excessive. I commend appellant for not having urged a spurious enumeration. The majority condemn him for it. I therefore dissent.

I am authorized to state that Chief Justice Nichols and Justice Jordan join in this dissent.